No. 869

GORDON CO. v. HOUGHTON & DUTTON CO.

No. 1126. Decided Oct. 4, 1923

327.—SALES.

Question of return within specified time, waived by acceptance of seller—Words "credit memorandum" cannot be construed to requiring acceptance of goods in place of goods returned.

ALLREAD, J.

Epitomized Opinion

This was an action on an account for goods returned and accepted by the Gordon Co. The action was brought by Houghton & Dutton., the buyer. At the close of the evidence, the court instructed a verdict in favor of the plaintiff. The defendant prosecuted error, claiming that there was an issue that should have been submitted to the jury as to whether the goods were returned before the end of the season as stated in the correspondence, and also an issue whether the "credit memorandum" referred to in the correspondence meant a cash indebtedness or merely an obligation to furnish credit for future sales. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The seller waived the question as to whether the goods were returned before the end of the season by accepting the goods when they were returned to it.

2. The obligation contemplated by the correspondence was that of debtor and creditor and the "credit memorandum" cannot be construed to require the plaintiff buyer to accept future goods in place of the goods returned.

Attorneys—C. J. Pretzman, for defendant; Wilson & Rector, for plaintiff.

---

No. 870

SPINDLER et al v. ASHGRAFT et al

Ohio Appeals, 9th District, Pike County

No. 46. Decided April 17, 1923

80-1. WILLS.

Word "heirs" usually construed as word of limitation—Where no other intention appears in a will, it must be interpreted according to the general rule of construction as to the word "heirs."

WASHBURN, J.

Epitomized Opinion

This was an action brought by some of the children of Barnhart Spindler, claiming that the purchasers of certain real estate from the wife of the deceased had no interest in a certain farm. Spindler died leaving a will which contained a provision: to have and to hold the same to herself and her heirs and assigns forever." The only property which the deceased left was the farm in question. The heirs maintained that under this provision the wife only got a life estate in the premises and therefore could not sell the fee simple to the defendants. The Common Pleas Court held for the defendants, whereupon plaintiffs prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Ordinarily the word "heirs" in will and deeds is regarded as a word of limitation and not of purchase, unless there is something in the instrument showing it was employed in a different sense than that annexed to it by law.

2. As there is nothing in the facts of this case which raises any doubt as to the intention of Spindler when he used the words in question in his will, it was clearly his intention to give his wife a fee simple estate, and consequently the defendants secured a good title from her.

Attorneys—Geo. B. Bitzer, for Spindler et al; McLaughlin & Moore, for Ashgraft et al.

---

No. 871

DICE v. INDUSTRIAL COM.

Ohio Appeals, 1st District, Hamilton County

No. 181597. Decided Oct. 13, 1923

384. WORKMEN'S COMPENSATION.

Wife of deceased employe entitled to compensation for death of husband while temporarily out of state, even though she received compensation from that other state.

MATTHEWS, J.

Epitomized Opinion

This is an action to recover compensation for the death of one William Dice. Dice was employed by Schreiber & Sons, a corporation engaged in structural iron and steel business with its principal place of business in the city of Cincinnati. Dice, a resident of Cincinnati, was sent to West Virginia to do some work there for the defendant company, which was a contributor to the Workman's Compensation Fund of both the state of Ohio and West Virginia. Dice was killed while working in West Virginia. His wife made application for compensation in West Virginia and an award was made. She then made application to the Industrial Commission of Ohio. As the Commission refused to pay the sum due her, she appealed to the Common Pleas Court of Hamilton county. In holding that she was entitled to compensation, the court held:

1. A dependent of a resident of Ohio employed in Ohio by an employer whose business is located in Ohio, and who is a contributor to the Workman's Compensation Fund in this state, is entitled to compensation out of the Ohio fund when such employe was sent into another state to do some work for the defendant, and was killed while there, even though the dependent files a claim for compensation in some other state.

Attorneys—Buchyaler, Headley & Smith, for Dice; Charles S. Bell and Louis Schneider, Cincinnati, for Industrial Commission.